737 So.2d 49 (1998)
STATE of Louisiana
v.
Daveon D. McCULLOUGH; Joseph Michael Elie III; Lonnie Ray Simmons, Jr.; & Frederick Demond Bush.
No. K98-1766.
Court of Appeal of Louisiana, Third Circuit.
December 29, 1998.
Writ Denied February 26, 1999.
*50 Charles F. Wagner, Dist. Atty., for State of Louisiana.
John Michael Lawrence, Shreveport, Kenneth P. Rodenbeck, Alexandria, for Daveon D. McCullough et al.
Elvin Clemence Fontenot, Jr., Fontenot & Skidmore, Leesville, J. Michael Small, Alexandria, for Joseph Michael Elie III.
Charles Gregory Gravel, Gravel, Brady & Berrigan, Camille Joseph Giordano, Giordano & Giordano, Alexandria, for Lonnie Ray Simmons, Jr.
Tony Clell Tillman, Leesville, Keith Wayne Manuel, Marksville, for Frederick Demond Bush.
Before PETERS, AMY and GREMILLION, Judges.
PETERS, J.
This matter is before us on a pretrial supervisory writ application by the State of Louisiana wherein the state questions a ruling of the trial court which suppressed testimony of a codefendant as being illegally obtained. For the following reasons, we reverse the trial court's ruling and remand the case for further proceedings.
The criminal charges involved in this writ application arose from the death of Rita Rabalais in Rapides Parish, Louisiana, on October 24, 1994. After an initial investigation, five individuals were arrested for the crime, including Jerry Joseph. After he was indicted, Joseph entered into a plea agreement with the state. In return for cooperating with the state and providing testimony concerning Ms. Rabalais' death, he was allowed to plead to the reduced charge of manslaughter, a violation of La.R.S. 14:31. In cooperating with the authorities, Joseph named Daveon McCullough; Joseph Michael Elie III; Lonnie Ray Simmons, Jr.; and Frederick Demond Bush as perpetrators of the crime. As a result of the information provided by Joseph, McCullough was charged with first degree murder, a violation of La.R.S. 14:30, and the other three defendants were charged with second degree murder, a violation of La.R.S. 14:30.1.
The defendants raised motions to suppress Joseph's testimony, arguing that promises made by the state in exchange for testimony are illegal and forbidden under La.R.S. 14:118(A)(1)(d). The basis of this motion is the holding in United States v. Singleton, 144 F.3d 1343 (10th Cir.1998). In Singleton, the defendant was charged with money laundering and conspiracy to distribute cocaine. Before trial, she sought to suppress the testimony of a codefendant who had entered into a plea agreement with the government. In seeking to suppress the testimony, she argued that the government had promised the witness something of value, leniency, in return for his testimony and that such a promise violated 18 U.S.C. § 201(c)(2), which makes it a crime to directly or indirectly give, offer or promise anything of value to any person in exchange for testimony. The trial court rejected the motion to suppress. The defendant raised the same issue on appeal, and the Court of Appeals concluded that the testimony should have been suppressed pursuant to 18 U.S.C. § 201(c)(2).
In the matter before us, the trial court concluded that La.R.S. 14:118(A)(1)(d) contained a prohibition similar to that found by the Court of Appeals in Singleton. That statute reads as follows:
A. (1) Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
. . . .

*51 (d) Witness, or person about to be called as a witness, upon a trial or other proceeding before any court, board, or officer authorized to hear evidence or to take testimony.
Thus, the trial court granted the motion to suppress, and the state filed this writ application.
We find that the trial court erred in its decision. This very issue has previously been addressed by this court in State v. Jenkins, 508 So.2d 191 (La.App. 3 Cir.), writ denied, 512 So.2d 438 (La.1987). In Jenkins, this court concluded that use of a plea agreement did not render the codefendant incompetent to testify and that "the defendant's appropriate avenue of relief was the cross-examination of [the testifying codefendant]." Id. at 194.
We further note that the Singleton decision has not been followed by all of the federal circuits. In fact, it has been vacated by the circuit that originally rendered the decision, and an en banc hearing has been ordered. The Fifth Circuit Court of Appeals in United States v. Haese, 162 F.3d 359 (5th Cir.1998), concluded that the courts following Singleton were "incorrect and [the Fifth Circuit] will not follow down a path that will throw our criminal system into disarray." Id. at 367.
For the foregoing reasons, we grant the writ application of the state and reverse the trial court's decision on the motion to suppress Joseph's testimony. The matter is remanded to the trial court for further proceedings consistent with this opinion.
WRIT GRANTED AND MADE PEREMPTORY.